**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NextGen Builders LLC, | No. CV-24-00202-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Platinum Builders Group LLC, *et al.*, | |
| Defendants. | |

At issue is Plaintiff NextGen Builders, LLC's Motion to Dismiss Defendant Platinum Builders Group LLC's Amended Counterclaims (Doc. 38, Mot.), to which Defendant filed an Opposition (Doc. 40, Opp.), and Plaintiff filed a Reply (Doc. 41, Reply). The Court finds these matters appropriate for decision without oral argument. *See* LRCiv 7.2(f). For the reasons set forth below, the Court will deny Plaintiff's Motion to Dismiss.

**I.   BACKGROUND**

Plaintiff NextGen Builders, LLC constructs residential homes with plans developed by its owners bearing U.S. copyright registration numbers. (Doc. 1, Compl. ¶¶ 9–10, 18.) Defendants Platinum Builders Group LLC and Ridgestone Group LLC also design or construct homes.[1] (Compl. ¶¶ 20–25.) Plaintiff alleges that Defendants used Plaintiff's plans for their drawings or to construct structures without being assigned or conveyed rights to such plans. (Compl. ¶¶ 19–25.) Accordingly, Plaintiff filed a Complaint against

---

[1] Plaintiff agreed to dismiss its claims against Defendant Muse Architecture, LLC. (Docs. 44, 45.)

Defendants alleging copyright infringement and seeking injunctive relief to prevent further infringement. (Compl. ¶¶ 48–49, 53.)

Defendant Platinum Builders LLC (hereinafter referred to individually as "Defendant") filed a "Response" (Answer to the Complaint) that included eight affirmative defenses: (1) no causation, (2) non-infringement of copyright, (3) fair use, (4) non-copyrightable subject matter, (5) merger, (6) scènes à faire, (7) failure to state a claim, and (8) not entitled to injunction. (Doc. 16, Answer at 11–13.) Defendant later filed Amended Counterclaims, seeking (1) a declaratory judgment of invalidity of copyright and (2) a declaratory judgment of non-infringement. (Doc. 33, Am. Countercl. at 4–5.) Plaintiff now moves to dismiss Defendant's Amended Counterclaims.

## II.    LEGAL STANDARD

Rule 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). This rule equally applies to counterclaims. A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) the absence of sufficient factual allegations to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When analyzing a complaint for failure to state a claim, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up and citations omitted). Legal conclusions couched as factual allegations are not entitled to the assumption of truth and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *Iqbal*, 556 U.S. at 679–80. However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## III. ANALYSIS

Defendant brings two counterclaims, seeking (1) a declaratory judgment of invalidity of copyright and (2) a declaratory judgment of non-infringement. (Am. Countercl. at 4.) Plaintiff argues that the counterclaims should be dismissed because they are repetitious of issues already before the Court via Plaintiff's Complaint and Defendant's affirmative defenses. (Mot. at 4.) A court may dismiss counterclaims for declaratory judgment "where they are either the mirror image of claims in the complaint or redundant of affirmative defenses." *Stickrath v. Globalstar, Inc.*, No. C07-1941 TEH, 2008 U.S. Dist. LEXIS 95127, at *8 (N.D. Cal. May 18, 2008). However, it is "not always appropriate to strike declaratory judgment counterclaims simply because they concern the same subject matter or arise from the same transaction as the complaint." *Id.* at *10–11. Courts should focus on whether the counterclaims serve a "useful purpose," and "should dismiss [] a redundant counterclaim only when 'it is clear that there is a complete identity of factual and legal issues between the complaint and the counterclaim.'" *Id.* at *11 (quoting *Pettrey v. Enter. Title Agency, Inc.*, No. 1:05-cv-1504, 2006 U.S. Dist. LEXIS 83957, at *3 (N.D. Ohio Nov. 17, 2006)).

### A.  Counterclaim I - Declaratory Judgment of Invalidity of Copyright

Defendant's first counterclaim seeks a declaratory judgment that the copyrights in Plaintiff's plans are not valid because the designs are not original. (Am. Countercl. ¶ 22.) Plaintiff argues that this counterclaim is identical to the substance of the Complaint and

Defendant's second affirmative defense, which alleges that Plaintiff's claim for copyright infringement is barred because Defendant has not infringed any valid or applicable copyrights. (Mot. at 4; Answer at 12.)

The Supreme Court has stated that "a party seeking a declaratory judgment of invalidity presents a claim independent of the [plaintiff's] charge of infringement." *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 96 (1993). Once charged with infringement, a company "must remain concerned about the risk of similar charges if it develops and markets similar products in the future." *Id.* at 99–100. A defendant has "'something to gain from a counterclaim declaration of invalidity'" in being allowed to continue developing its products "without fear of infringing the invalid [copyright]." *Stickrath*, 2008 U.S. Dist. LEXIS 95127, at *11 (quoting *Digit. Envoy, Inc. v. Google, Inc.*, No. C0401497 RS, 2006 U.S. Dist. LEXIS 24865, at *9 (N.D. Cal. Mar. 28, 2006)). Because a complaint alleging infringement can be resolved without determining validity, this counterclaim seeking a declaration of invalidity serves a useful purpose in providing Defendant an outlet for relief should Plaintiff's charge of infringement be dismissed.

Furthermore, it is difficult for courts to determine whether a declaratory judgment counterclaim will be wholly redundant prior to trial. Charles Alan Wright & Arthur R. Miller, *6 Fed. Practice & Procedure* § 1406 (3d ed. 2020). If there is any doubt about whether the challenged material is redundant, it should be resolved in favor of the non-moving party. *Davis v. Hollywood & Ivar*, No. 2:21-cv-01235-VAP-JPRx, 2021 U.S. Dist. LEXIS 202647, at *7 (C.D. Cal. July 30, 2021). Although there is a split among Ninth Circuit district courts on how to handle counterclaims for declaratory relief if such claims are repetitious of issues already raised in the complaint or affirmative defenses, the safest course is to deny the motion to dismiss the counterclaim. *Aviva USA Corp. v. Vazirani*, No. CV 11-0369-PHX-JAT, 2012 U.S. Dist. LEXIS 3069, at *9–11 (D. Ariz. Jan. 10, 2012). The Court in its discretion will deny Plaintiff's Motion to Dismiss this counterclaim.

### B.     Counterclaim II - Declaratory Judgment of Non-Infringement

Defendant's second counterclaim seeks a declaratory judgment that it has not infringed any valid copyright interest relating to Plaintiff's plans. (Am. Countercl. ¶ 27.) Plaintiff argues that this count is repetitive of Defendant's fourth affirmative defense, which alleges that the works Plaintiff claims have been infringed are not entitled to copyright protection on the grounds that the works are within the public domain and do not constitute copyrightable subject matter. (Reply at 3; Answer at 12.)

Courts in this Circuit have emphasized the importance of preserving counterclaims where a plaintiff alleges infringement because the alleged infringer is interested in both avoiding liability and affirmatively establishing that it did not infringe. *Mercer Publ., Inc. v. Smart Cookie Ink, LLC*, No. C12-0188JLR, 2012 U.S. Dist. LEXIS 198949, at *18 (W.D. Wash. July 25, 2012). Counterclaims seeking a declaration of non-infringement provide defendants an important procedural advantage because "in the event that [the plaintiff]'s infringement claim is not resolved, [the] [d]efendants will still be able to move forward with the non-infringement counterclaims and thereby seek resolution of the infringement dispute." *Id.* at *19. Thus, this counterclaim seeking a declaratory judgment of non-infringement serves a useful purpose.

Moreover, Courts in this Circuit have declined to dismiss counterclaims for declaratory judgment as redundant when defendants "sought declaration that was more detailed than the judgment on the plaintiff's copyright infringement claim." *Davis*, 2021 U.S. Dist. LEXIS 202647, at *7. A counterclaim "may seek different relief, in addition to raising legal issues that the court may not reach in resolving the complaint and affirmative defenses." *Stickrath*, 2008 U.S. Dist. LEXIS 95127, at *12. When a defendant seeks a declaration that its products are not infringing and the plaintiff's patent (or copyright) is invalid, as well as associated injunctive relief—which the court may not grant for an affirmative defense but may order in a declaratory judgment action—the non-infringement and invalidity counterclaims are not redundant. *See Fullips LLC v. Liptiful LLC*, No. CV-14-02500-PHX-JJT, 2015 U.S. Dist. LEXIS 180017, at *9 (D. Ariz. Oct. 22, 2015).

Through its counterclaims, Defendant requests preliminary and permanent relief enjoining Plaintiff from enforcing its copyright registrations relating to its plans. (Am. Countercl. at 5.) The Court may not grant such injunctive relief for an affirmative defense but may in a declaratory judgment action. Defendant seeks a declaration that is more detailed than judgment on the copyright infringement claim as well as the affirmative defenses. Therefore, the Court in its discretion will deny Plaintiff's Motion to Dismiss this counterclaim.

**IT IS THEREFORE ORDERED** denying Plaintiff's Motion to Dismiss Defendant Platinum Builders Group LLC's Amended Counterclaims (Doc. 38).

Dated this 13th day of June, 2024.

Honorable John J. Tuchi
United States District Judge